PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REBEL LEE BRETT, | ) | |
| | ) | CASE NO.  4:16CV1395 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TIME WARNER CABLE | ) | |
| MIDWEST, LLC, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 1-3, 11, 17, and 35] |

Pending are:

Defendant Time Warner Cable Midwest LLC's Motion to Dismiss (ECF No. 1-3),[1] filed on May 31, 2016;

Defendants Baker Installations; JWC, LLC; JWCF, LP; Wade Baker; Fred Baker; Chad Baker; James Mazur; Christine Sheridan; and, Quinton Peagler's (the "Baker Defendants")[2] Motion to Dismiss the Complaint (ECF No. 11), filed on June 15, 2016;

Defendants Broadband Express, LLC, David Dougherty, and William Pruett's (the "Broadband Defendants")[3] Motion for Judgment on the Pleadings (ECF No. 17), filed on August 8, 2016; and,

Plaintiff Rebel Lee Brett's Motion for Leave to File an Amended Complaint *Instanter* (ECF No. 35), filed on October 19, 2016.

---

[1]  Defendant Time Warner Cable Midwest LLC is improperly named as "Time Warner Cable" in the Complaint (ECF No. 1-1 at PageID #: 12-14) and proposed Amended Complaint (ECF No. 35-1).  *See* ECF No. 1-3 at PageID #: 22.

[2]  Baker Installations is a trade name for JWCF, LP.  *See* Answer of Baker Defendants (ECF No. 12) at PageID #: 94, ¶ 2.

[3]  Defendant William Pruett's last name is incorrectly spelled in the Complaint (ECF No. 1-1 at PageID #: 12-14) and proposed Amended Complaint (ECF No. 35-1). *See* Joint Answer of Broadband Defendants (ECF No. 5) at PageID #: 46.

(4:16CV1395)

## I.  Background

In May 2016, Plaintiff filed a nine-paragraph Complaint (ECF No. 1-1 at PageID #: 12-14) against Time Warner, the Broadband Defendants, and the Baker Defendants[4] in the Trumbull County, Ohio Court of Common Pleas, being Case No. 2016 CV 00810.  While Plaintiff was employed by Broadband Express as a cable TV, internet and telephone installer, he applied for a job at Baker Installations where he had previously worked .  ECF No. 1-1 at PageID #: 14, ¶ 5. The Broadband Defendants and Baker Defendants had contractual relations with Time Warner to provide cable installation services.  ECF No. 1-1 at PageID #: 13, ¶ 2.  Installers hired by them are subject to certain policies imposed by Time Warner, including a policy that provides that an installer may not perform installations for Time Warner's accounts if he or she has failed to complete an installation job or has a complaint on his or her record.  ECF No. 1-1 at PageID #: 14, ¶ 4.  The Broadband Defendants allegedly communicated to Time Warner that Plaintiff had missed performing the very cable installation services that the Broadband Defendants had been contracted to provide.  ECF No. 1-1 at PageID #: 14, ¶ 8.

The Complaint (ECF No. 1-1 at PageID #: 12-14) asserts claims against all Defendants for (1) tortious interference with business relations and (2) tortious interference with contract related to his attempted employment with Baker Installations.  Plaintiff alleges "[h]e was provisionally hired [by Baker Installations,] and on or about May 6, 2015, he notified his BROADBAND supervisor, Defendant William [Pruett]."  ECF No. 1-1 at PageID #: 14, ¶ 5. "As a direct and proximate result of [the] negligent and reckless conduct of the Defendants, Plaintiff has not [been] able to secure a[ ] cable installation job and has been deprived of his

---

[4]  There are a total of 13 Defendants.

(4:16CV1395)

livelihood." ECF No. 1-1 at PageID #: 14, ¶ 9.  The Broadband Defendants, removed the case to this Court on June 8, 2016, on the basis of diversity jurisdiction.  *See* Notice of Removal (ECF No. 1 at PageID #: 3-4, ¶¶ 8-21).

## II.  Plaintiff's Motion for Leave (ECF No. 35)

According to Plaintiff, "[t]his case was hastily filed on [May] 9, 2016, in the Trumbull County Common Pleas Court with the intent to file an amended complaint for service [on] the Defendants." ECF No. 35 at PageID #: 418; *see also* Affidavit of Irene Makridis (ECF No. 35-2) at PageID #: 433, ¶ 2.[5]  Plaintiff, however, did not properly move the Court for leave to file an Amended Complaint until October 19, 2016 (over five months later) when he filed the within motion.  *See* Order (ECF No. 34).  Plaintiff attached to his motion the proposed Amended Complaint (ECF No. 35-1).  In the proposed amendment, Plaintiff seeks to correct typographical errors and incorrect grammar and syntax that appear in the Complaint (ECF No. 1-1 at PageID #: 12-14) and add three (3) claims:  (1) defamation against all Defendants (Third Claim for Relief) ; (2) promissory estoppel against the Baker Defendants only (Fourth Claim for Relief); and (3) "Against Public Policy," specifically violation of good faith and fair dealing, against the Baker Defendants only (Fifth Claim for Relief).  ECF No. 35 at PageID #: 420-21.  The Broadband Defendants and Baker Defendants oppose Plaintiff's motion for leave to amend.  *See* ECF Nos. 37 and 38.  The Court has been advised, having reviewed the record, the parties' briefs[6] and the applicable law.   The Court has also considered the oral arguments of counsel offered during the

---

[5]  Plaintiff's counsel concedes the Complaint (ECF No. 1-1 at PageID #: 12-14) is deficient.  ECF No. 35-2 at PageID #: 433, ¶ 4.

[6]  Plaintiff did not file a Reply Memorandum in support of his Motion for Leave (ECF No. 35).  *See* Local Rule 7.1(e).

(4:16CV1395)

Telephonic Status Conference held on October 24, 2016.  For the reasons set forth below, the

Court denies Plaintiff's motion.

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice

so requires."  As stated by the Supreme Court:

> In the absence of any apparent or declared reason—such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of amendment, etc,—the leave
> sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir.

2016).  Under Rule 15(a), the court has discretion in allowing amendments.  *Robinson v. Mich.*

*Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990) ("Decisions as to when justice requires

amendment are left to the sound discretion of the trial judge.").

In reviewing Plaintiff's motion for leave, it is necessary to weave in additional facts.

Plaintiff contends Broadband Express withheld the return of his Time Warner ID badge so that it

could not be released to his prospective employer, Baker Installations, and thus Plaintiff could

not be hired by Baker Installations.  Plaintiff alleges that on May 7, 2015, he returned his

equipment, including his ID badge, to Broadband Express.  The badge had been issued to him by

Time Warner.  ECF No. 35-1 at PageID #: 428, ¶¶ 10-11.  He also alleges that Broadband

Express refused to return his badge to Time Warner, knowing that the return of the badge was

necessary for Baker Installations to hire him.  ECF No. 35-1 at PageID #: 429, ¶ 12.  During the

Telephonic Status Conference held on October 24, 2016, the Court was informed that Time

Warner was not told that Plaintiff had not completed a job assigned to him by the Broadband

Defendants.  The Court was also advised that Plaintiff's ID badge was returned to Time Warner

(4:16CV1395)

on May 15, 2015 and that Plaintiff was only ineligible (for hire by Baker Installations) to do installations for Time Warner for four (4) days.

A motion for leave to amend a complaint should not be granted where the proposed amended pleading would be futile.  *See, e.g.*, *Midkiff v. Adams County Regional Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).  "A motion to amend is deemed futile if the proposed amendment 'could not withstand a Rule 12(b)(6) motion to dismiss.'"  *DeBolt v. Cassens Transport Co.*, No. 4:11CV1227, 2012 WL 3497659, at *1 (N.D. Ohio Aug. 15, 2012) (Pearson, J.) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).  The Court concludes that filing the proposed Amended Complaint (ECF No. 35-1) would be futile, as it still fails to state any legally cognizable claim against any Defendant.

## A.  Dougherty and Pruett

The proposed Amended Complaint (ECF No. 35-1) still fails to state a claim against Dougherty and Pruett.  Plaintiff has failed to identify any misconduct allegedly perpetrated by these defendants that ties them to any claim alleged by Plaintiff.  *See Unger v. City of Mentor*, 387 Fed.Appx. 589, 592 (6th Cir. 2010) (affirming dismissal of claims against a defendant where the complaint lacked factual specificity, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## B.  First Claim for Relief[7]

The proposed Amended Complaint (ECF No. 35-1) is futile because it fails to state a claim for tortious interference with business relations.  "The elements essential to recovery for a

---

[7]  The Complaint (ECF No. 1-1 at PageID #: 12-14) asserts this claim against all Defendants.  The proposed Amended Complaint (ECF No. 35-1), however, asserts this claim against Time Warner and the Broadband Defendants only.  *See* ECF No. 35 at PageID #: 420.

(4:16CV1395)

tortious interference with a business relationship are: (1) a business relationship; (2) the

wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination

of the relationship; and (4) damages resulting therefrom." *Wolf v. McCullough-Hyde Memorial*

*Hosp., Inc.*, 67 Ohio App.3d, 349, 355 (1990); *see also Moore v. Rubin*, No. 2001-T-0150, 2004

WL 2803237, at *3, ¶ 16 (Ohio App. 11th Dist. Sept. 17, 2004); *Wauseon Plaza Ltd. Partnership*

*v. Wauseon Hardware Co.*, 156 Ohio App.3d 575, 588, ¶ 57 (2004). "The main distinction

between tortious interference with a contractual relationship and tortious interference with a

business relationship is that interference with a business relationship includes intentional

interference with prospective contractual relations, not yet reduced to a contract." *Diamond Wine*

*& Spirits, Inc. v. Dayton Heidelberg Distrib. Co., Inc.*, 148 Ohio App.3d 596, 604, ¶ 23 (citation

omitted).

　　　　The proposed Amended Complaint (ECF No. 35-1) does not set forth an allegation that

Time Warner and the Broadband Defendants took any action with the intent of causing a breach

in Plaintiff's relationship with Baker Installations. In fact, the proposed Amended Complaint

(ECF No. 35-1) neglects to include any facts whatsoever regarding the Broadband Defendants'

interactions with Baker Installations. *See Wright Safety Co. v. U.S. Bank, N.A.*, No. 24587, 2009

WL 4653550, at *7, ¶ 26 (Ohio App. 9th Dist. Dec. 9, 2009) (defendant's actions even if

improper, did not amount to intentional interference with plaintiffs' relations with another

institution when there were no allegations that defendant or its employees had any interactions

with another institution). Plaintiff alleges that Time Warner and the Broadband Defendants

"intentionally or recklessly and negligently interfered with Plaintiff's prospective relationship

with Defendant Baker." ECF No. 35-1 at PageID #: 429, ¶ 14. This lone attempt by Plaintiff to

(4:16CV1395)

salvage this claim fails because it is a mere recitation of an element of the cause of action, and

cannot survive a Rule 12(b)(6) motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009);

*see also*, *Wilkey v. Hull*, 366 Fed.Appx. 634, 638 (6th Cir. 2010) (applying Ohio law, stating an

allegation that a party interfered with certain unspecified business relationships "is just a legal

conclusion. . . .  Absent some factual allegation that [the tortfeasor's] actions ended or prevented

a business relationship," a 12(b)(6) dismissal is proper.) (internal quotation marks omitted).

Moreover, the alleged "interference must be intentional because Ohio does not recognize

negligent interference with a business relationship." *Diamond Wine & Spirits*, 148 Ohio App.3d

596, 604, ¶ 23 (quoting *Bauer v. Commercial Aluminum Cookware Co.*, 140 Ohio App.3d 193,

199 (2000)).

## C.  Second Claim for Relief[8]

The allegations in proposed Amended Complaint (ECF No. 35-1) also fail to carry

Plaintiff's burden of pleading the essential elements of a tortious interference with contract

claim.  "In order to recover for a claim of intentional interference with a contract, one must prove

(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the

wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5)

resulting damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415 (1995),

paragraph two of the syllabus.  The proposed Amended Complaint (ECF No. 35-1) fails to

adequately allege the first, second, and third elements.  It does not allege (1) the existence of an

actual or prospective contract or (2) that a Defendant was aware of a contract between Plaintiff

---

[8]  The Complaint (ECF No. 1-1 at PageID #: 12-14) asserts this claim against all
Defendants.  The proposed Amended Complaint (ECF No. 35-1), however, asserts this
claim against Time Warner and the Broadband Defendants only.  *See* ECF No. 35 at
PageID #: 420.

(4:16CV1395)

and any of the other Defendants or (3) facts that a Defendant intentionally interfered with Plaintiff's contract with either Time Warner or any of the Baker Defendants.

A denial of the motion for leave is also appropriate because Plaintiff has not alleged that the communications between the Broadband Defendants and Time Warner lacked privilege. "Statements between parties concerning a common business interest may be protected by a qualified privilege." *Mills Van Lines, Inc. v. Prudential Real Estate and Relocation Servs.*, Nos. 95582, 95819, 2011 WL 3359966, at *3, ¶ 17 (Ohio App. 8th Dist. Aug. 4, 2011) (citing *Evely v. Carlon Co., Div. of Indian Head, Inc.*, 4 Ohio St.3d 163, 165 (1983)); *see also James v. Big Bear Stores Company*, No. 93AP-325, 1994 WL 21751, at *3 (Ohio App. 10th Dist. Jan. 27, 1994) (affirming the trial court's finding that Big Bear was privileged to convey to ADT its desire not to have appellant work on Big Bear premises and summary judgment in favor of Big Bear on appellant's claim for tortious interference with his employment contract).  A claim for tortious interference with business relations and/or contract occurs only when a defendant, without privilege to do so, "induces or otherwise purposely causes a third person not to enter into or continue" business relations or a contract or with another.  *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 14 (1995).  "Ohio imposes the burden of proving lack of privilege or improper interference on the plaintiff." *1020 Bolivar, LLC v. Zarnas*, 2012 Ohio Misc. LEXIS 146, at *2 (Ct. of Common Pleas, Cuyahoga County Sept. 26, 2012) (citing *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999)).  "Once a defendant demonstrates the existence of the qualified privilege, a plaintiff can only prevail upon a showing of actual malice" in the communication. *Mills Van Lines*, 2011 WL 3359966, at *4, ¶ 19 (citing *Hanley v. Riverside Methodist Hosp.*, 78 Ohio App.3d 73, 81

(4:16CV1395)

(1991)).  The proposed Amended Complaint (ECF No. 35-1) does not, and cannot meet this

burden because the Broadband Defendants' communications to Time Warner are privileged and

Plaintiff has not alleged actual malice to overcome the qualified common business interest

privilege.

**D.  Third Claim for Relief**

The proposed Amended Complaint (ECF No. 35-1) is also futile because it fails on its

face to state a claim for defamation.  In order to sustain a claim for defamation, a plaintiff must

demonstrate:  "(1) a false and defamatory statement; (2) about plaintiff; (3) published without

privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5)

that was either defamatory *per se* or caused special harm to the plaintiff."  *Davis v. Jacobs*, 126

*Ohio App.3d 580, 582 (1998)* (quoting *Gosden v. Louis*, 116 Ohio App.3d 195, 206 (1996)).

Plaintiff has not met this burden in the proposed Amended Complaint (ECF No. 35-1) in several

ways.

First, Plaintiff does not identify "a false and defamatory statement" because he does not

identify what "false information" that a Defendant allegedly submitted to an "information

tracking system."  *See* ECF No. 35-1 at PageID #: 430, ¶ 18.  Second, Plaintiff does not identify

who owns the "information tracking system" into which a Defendant allegedly submitted false

information, and therefore has not adequately pleaded that any false and defamatory statement

was actually published to a third party.  Third, for the reasons set forth above in Section II.C.,

Plaintiff has failed to allege how or why any communications between the Defendants would not

be covered by qualified privilege.  *Knox v. Neaton Auto Products Mfg., Inc.*, 375 F.3d 451, 460

*(6th Cir. 2004)* (citing *Hahn v. Kotten*, 43 Ohio St.2d 237, 243 (1975)).  Fourth, Plaintiff has not

(4:16CV1395)

alleged how any such defamation caused him any harm. Plaintiff alleges in ¶ 12 of the proposed

Amended Complaint (ECF No. 35-1) that he was denied employment at Baker Installations

because of his Time Warner ID badge not returned – he does not allege that he was denied

employment because of any statement made by Time Warner or any of the Broadband

Defendants. Thus, Plaintiff has not identified any harm he suffered as a result of the alleged

defamation.

**E. Fourth Claim for Relief**

The allegations in the proposed Amended Complaint (ECF No. 35-1) fail to carry

Plaintiff's burden of pleading the essential elements of a promissory estoppel claim against the

Baker Defendants. To establish such a claim, "a plaintiff must show that (1) the employer made

a clear, unambiguous promise; (2) the plaintiff relied on that promise; (3) the reliance was

justifiable; and (4) the reliance caused detriment to the plaintiff." *O'Donnell v. Coulson*, 40 F.

Supp.2d 446, 455 (N.D. Ohio 1998) (Oliver, J.) (dismissing claim for promissory estoppel where

the alleged promise was not clear and unambiguous). Plaintiff alleges in ¶ 9 of the proposed

Amended Complaint (ECF No. 35-1) that "[h]e interviewed with Defendants Quinton Peagler

and Christine Sheridan who promised to hire him at Defendant Baker -- *pending approval from*

*Defendant Time Warner*" (emphasis added). It is undisputed that Plaintiff did not secure the

cable installation job with Baker Installations. As a matter of Ohio law, the proposed Amended

Complaint (ECF No. 35-1) fails to adequately allege the first element, and accordingly the Fourth

Claim for Relief fails "to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). As for this first prong, according to Ohio law, a promissory estoppel claim cannot be

premised on a conditional promise when the condition at issue never occurs. *See, e.g.,*

(4:16CV1395)

*Cincinnati Fluid Power, Inc. v. Rexnord, Inc.*, 797 F.2d 1386, 1393 (6th Cir. 1986) ("conditional promise can serve as basis of estoppel claim only if condition is satisfied prior to action taken in reliance on that promise" (citation omitted)); *see also, e.g.*, *Andersons, Inc. v. Consol, Inc.*, 185 F. Supp.2d 833, 840 (N.D. Ohio 2001) (Carr, J.) ("To be 'clear and unambiguous,' the promise cannot be conditional." (citing cases)). Given that the Fourth Claim for Relief is premised on a conditional promise and the condition at issue never occurred, the proposed Amended Complaint (ECF No. 35-1) also fails to adequately allege the second element. *Cincinnati Fluid Power*, 797 F.2d at 1393 ("conditional promise alleged was not a reasonable basis for reliance and thus not a proper basis for estoppel" (citation omitted)).

Assuming *arguendo* that the purported promise of Baker Installations was not conditional, the Fourth Claim for Relief would nevertheless fail for the additional reason that it is precluded by well-established Ohio law governing such claims in the context of at-will employment relationships. Because Ohio is an at-will employment state, a promissory estoppel claim in such cases must be premised on "a specific promise of continued employment." *Godfrey v. Mastec, Inc.*, Case No. 1:15-cv-409, 2015 WL 7570209, at *4 (S.D. Ohio Nov. 25, 2015) (dismissing promissory estoppel claim). Plaintiff alleges "[t]he Baker Defendants, and specifically Defendant Quentin Peagler and Defendant Christine Sheridan, promised Plaintiff new employment with improved conditions if he returned and worked for Defendant Baker." ECF No. 35-1 at PageID #: 430, ¶ 20. An offer for at-will employment by the Baker Defendants under the facts alleged by Plaintiff precludes a claim for promissory estoppel because it falls far short of a specific promise of continued employment.

(4:16CV1395)

**F. Fifth Claim for Relief**

The Fifth Claim for Relief in the proposed Amended Complaint (ECF No. 35-1) is futile. This claim is styled as "Against Public Policy" and attempts to assert a claim against the Baker Defendants on the grounds that Defendants Quentin Peagler and Christine Sheridan allegedly "never told Plaintiff that Defendant Time Warner had not received his badge from Defendant Broadband Express -- but told him instead that Defendant Time Warner Cable would not hire him because of an incomplete installation job report by Defendant Broadband." ECF No. 35-1 at PageID #: 431, ¶ 24. But that allegation is to be read in conjunction with ¶ 12 of the proposed Amended Complaint (ECF No. 35-1). Assuming that Plaintiff's allegation that "the Broadband Defendants reported to Defendant Time Warner that Plaintiff had not completed installation jobs he was assigned to" is true,[9] Peagler and Sheridan were simply communicating the reasons they had been provided by Time Warner – nothing more.

Paragraph 25 and 26 of the proposed Amended Complaint (ECF No. 35-1) allege the Baker Defendants "related this information knowing that it is false, knowing that it will damage Plaintiff, and acted contrary to a policy of good faith and fair dealings in the State of Ohio", and that "conduct was willful and wanton, with intent to injure plaintiff who reasonably relied on their honesty and good faith." However, Plaintiff provides no additional allegations in the proposed Amended Complaint (ECF No. 35-1) as to how or why the statements allegedly made by Peagler and Sheridan to Plaintiff were "false;" how or why those statements were made with "knowledge" of their falsity; how those statements were in any way material;

---

[9] Time Warner denies that it was told that Plaintiff had not completed a job assigned to him by the Broadband Defendants. Time Warner's Answer to the Complaint (ECF No. 14) at PageID #: 103, ¶ 8.

(4:16CV1395)

what action or actions Plaintiff allegedly took "in reliance" on those statements; or how any such "reliance" could have been justified or reasonable.

For these reasons and those that have been articulated in the memoranda of points and authorities on which the Broadband Defendants and Baker Defendants rely in opposition to the motion (ECF Nos. 37 and 38), Plaintiff's Motion for Leave to File an Amended Complaint *Instanter* (ECF No. 35) is denied.

### III.  Standards of Review for Defendants' Motions

**A.  Dismissal**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Twombly*, 550 U.S. at 564.  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

(4:16CV1395)

misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard is not akin to a

"probability requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully.  *Twombly*, 550 U.S. at 556.  Where a complaint pleads facts that are "merely

consistent with" a defendant's liability, it "stops short of the line between possibility and

plausibility of 'entitlement to relief.'"  *Id.* at 557 (brackets omitted).  "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at

679 (quoting Rule 8(a)(2)).  The Court "need not accept as true a legal conclusion couched as a

factual allegation or an unwarranted factual inference."  *Handy-Clay v. City of Memphis, Tenn.*,

695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

**B.  Judgment on the Pleadings**

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same

standard applicable to a motion to dismiss under Rule 12(b)(6).  *Tucker v. Middleburg-Legacy

Place*, 539 F.3d 545, 549 (6th Cir. 2008).  The Court must construe the complaint in the light

most favorable to the non-moving party, accept all factual allegations as true, and make

reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v.

Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *In re Sofamor Danek

Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).  The complaint must "give the defendant fair

notice of what the claim is and the grounds upon which it rests."  *Nader v. Blackwell*, 545 F.3d

459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  A motion

brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and

the party making the motion is entitled to judgment as a matter of law."  *JPMorgan Chase Bank*,

(4:16CV1395)

*N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

### IV. Time Warner's Motion to Dismiss (ECF No. 1-3)

For the reasons set forth above in Section II and those that have been articulated in the memorandum of points and authorities on which Time Warner relies in support of the motion, Defendant Time Warner Cable Midwest LLC's Motion to Dismiss (ECF No. 1-3) is granted without opposition.

### V. Baker Defendants' Motion to Dismiss (ECF No. 11)

For the reasons set forth above in Section II and those that have been articulated in the memorandum of the points and authorities on which the Baker Defendants rely in support of the motion, Defendants Baker Installations; JWC, LLC; JWCF, LP; Wade Baker; Fred Baker; Chad Baker; James Mazur; Christine Sheridan; and, Quinton Peagler's Motion to Dismiss the Complaint (ECF No. 11) is granted without opposition.

### VI. Broadband Defendants' Motion for Judgment on the Pleadings (ECF No. 17)

For the reasons set forth above in Section II and those that have been articulated in the memorandum of points and authorities on which the Broadband Defendants rely in support of the motion, Defendants Broadband Express, LLC, David Dougherty, and William Pruett's (the "Broadband Defendants") Motion for Judgment on the Pleadings (ECF No. 17) is granted without opposition.

### VII.

Defendant Time Warner Cable Midwest LLC's Motion to Dismiss (ECF No. 1-3) is granted.

(4:16CV1395)

      Defendants Baker Installations; JWC, LLC; JWCF, LP; Wade Baker; Fred Baker; Chad Baker; James Mazur; Christine Sheridan; and, Quinton Peagler's Motion to Dismiss the Complaint (ECF No. 11) is granted.

      Defendants Broadband Express, LLC, David Dougherty, and William Pruett's Motion for Judgment on the Pleadings (ECF No. 17) is granted.

      Plaintiff's Motion for Leave to File an Amended Complaint *Instanter* (ECF No. 35) is denied.


      IT IS SO ORDERED.


  March 24, 2017                */s/ Benita Y. Pearson*
Date                            Benita Y. Pearson
                               United States District Judge